**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SULAKHAN SINGH, | Nos. 15-72259 |
| Petitioner, | 16-70119 |
| v. | Agency No. A077-823-351 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2018[**]
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[***] Chief
District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concluded that this case was suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

Sulakhan Singh, a native and citizen of India, petitions for review of decisions of the Board of Immigration Appeals (BIA) (1) denying his first motion to reopen based on materially changed circumstances and (2) denying his second motion to reopen based on materially changed circumstances and ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.      The BIA did not abuse its discretion in denying Singh's first motion to reopen based on materially changed circumstances. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Singh failed to establish a material change of circumstances in India that would establish that he could not internally relocate.[1] Although Singh presented credible evidence that the police continue to look for him in his home village, he failed to present evidence that he would be persecuted in the locations the BIA identified that he could reasonably relocate.

2.      The BIA did not abuse its discretion in denying Singh's second motion to reopen based on materially changed circumstances and ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003). Singh did not present sufficient evidence of materially changed circumstances to establish he

_____

[1] Singh admits in his opening brief that there was insufficient evidence to grant the first motion to reopen.

could not internally relocate.  None of his submitted documents suggest that the government is looking for Singh outside of his village.  Singh presented no evidence of an individualized threat to persecute him outside of his village that would establish a prima facie case.  Thus, Singh's prior counsel's failure to address internal relocation in the first motion to reopen was not prejudicial.

**PETITIONS FOR REVIEW DENIED.**